1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROWLAND GENE PERRY,                        No.  2:16-cv-01116 AC

12                 Plaintiff,

13          v.                                   **ORDER**

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,

15

16                 Defendant.

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II

20   of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for

22   summary judgment will be DENIED.  The matter will be reversed and remanded to the

23   Commissioner for an immediate award of benefits.

24                              I.  PROCEDURAL BACKGROUND

25          Plaintiff applied for DIB on January 5, 2013.  Administrative Record ("AR") 12-24

26   _____

27   [1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
     who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
     York, 476 U.S. 467, 470 (1986).

28

                                                    1

1  (Decision).[2]  The disability onset date was alleged to be March 1, 2011.  AR 12.  The application

2  was disapproved initially and on reconsideration.  Id.  On June 3, 2014, ALJ Mary M. French

3  presided over the hearing on plaintiff's challenge to the disapprovals.  AR 31 – 46 (transcript).

4  Plaintiff, who appeared with his counsel Gail Stassinos, was present at the hearing.  AR 12.  Alan

5  E. Cummings, a Vocational Expert ("VE"), also testified at the hearing.  Id.

6  　　　On October 31, 2014 the ALJ found plaintiff "not disabled" under Sections 216(i) and

7  223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 12-24 (decision), 25-28 (exhibit

8  list).  On March 22, 2016, after receiving a brief from plaintiff's counsel as an additional exhibit,

9  the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final

10  decision of the Commissioner of Social Security.  AR 1-6 (decision and additional exhibit list).

11  　　　Plaintiff filed this action on May 23, 2016.  ECF No. 1; see 42 U.S.C. § 405(g).  The

12  parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 6, 11.  The parties' cross-

13  motions for summary judgment, based upon the Administrative Record filed by the

14  Commissioner, have been fully briefed.  ECF Nos. 21 (plaintiff's summary judgment motion), 26

15  (Commissioner's summary judgment motion), 29 (plaintiff's reply).

16  <center>II.  FACTUAL BACKGROUND</center>

17  　　　Plaintiff was born on June 5, 1963, and accordingly was, at age 47, a younger person

18  under the regulations when he filed his application, but subsequently changed age category to

19  closely approaching advanced age.[3]  AR 22.  Plaintiff has at least a high school education, and

20  can communicate in English.  AR 23.  Plaintiff previously worked in construction and as an

21  electrician, but has not been gainfully employed since March of 2011.  AR 32-34.

22  <center>III.  LEGAL STANDARDS</center>

23  　　　The Commissioner's decision that a claimant is not disabled will be upheld "if it is

24  supported by substantial evidence and if the Commissioner applied the correct legal standards."

25  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

26  
_____
[2]  The AR is electronically filed at ECF Nos. 10-3 to 10-17 (AR 1 to AR 824).
27  [3]  See 20 C.F.R. § 404.1563(c) ("younger person"), and (d) ("person closely approaching
advanced age").
28  

<center>2</center>

1    Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews

2    v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

3          Substantial evidence is "more than a mere scintilla," but "may be less than a

4    preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such

5    evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

6    Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the

7    record can constitute substantial evidence, only those 'reasonably drawn from the record' will

8    suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

9    Although this court cannot substitute its discretion for that of the Commissioner, the court

10   nonetheless must review the record as a whole, "weighing both the evidence that supports and the

11   evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,

12   846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

13   court must consider both evidence that supports and evidence that detracts from the ALJ's

14   conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

15         "The ALJ is responsible for determining credibility, resolving conflicts in medical

16   testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

17   Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of

18   which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart,

19   278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the

20   ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn

21   v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

22   2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

23   evidence that the ALJ did not discuss").

24         The court will not reverse the Commissioner's decision if it is based on harmless error,

25   which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

26   ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006)

27   (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006); see also Burch v.

28   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

1    IV.  RELEVANT LAW

2          Disability Insurance Benefits and Supplemental Security Income are available for every

3    eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

4    is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically

5    determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

6    (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

7          The Commissioner uses a five-step sequential evaluation process to determine whether an

8    applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4);

9    Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

10   process to determine disability" under Title II and Title XVI).  The following summarizes the

11   sequential evaluation:

12/13          Step one: Is the claimant engaging in substantial gainful activity?  If
               so, the claimant is not disabled.  If not, proceed to step two.

14   20 C.F.R. § 404.1520(a)(4)(i), (b).

15          Step two: Does the claimant have a "severe" impairment?  If so,
            proceed to step three.  If not, the claimant is not disabled.

16   Id. §§ 404.1520(a)(4)(ii), (c).

17/18          Step three: Does the claimant's impairment or combination of
               impairments meet or equal an impairment listed in 20 C.F.R., Pt.
               404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not,
19             proceed to step four.

20   Id. §§ 404.1520(a)(4)(iii), (d).

21          Step four: Does the claimant's residual functional capacity make
            him capable of performing his past work?  If so, the claimant is not
22          disabled.  If not, proceed to step five.

23   Id. §§ 404.1520(a)(4)(iv), (e), (f).

24          Step five: Does the claimant have the residual functional capacity
            perform any other work?  If so, the claimant is not disabled.  If not,
25          the claimant is disabled.

26   Id. §§ 404.1520(a)(4)(v), (g).

27          The claimant bears the burden of proof in the first four steps of the sequential evaluation

28   process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

4

1    disabled"), 416.912(a) (same); <u>Bowen</u>, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the

2    sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

3    disabled and can engage in work that exists in significant numbers in the national economy."  <u>Hill</u>

4    <u>v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012); <u>Bowen</u>, 482 U.S. at 146 n.5.

5                                        V.  THE ALJ's DECISION

6            The ALJ made the following findings:

7                    1.  The claimant meets the insured status requirements of the Social
8                    Security Act through March 31, 2016.

9                    2.  [Step 1] The claimant has not engaged in substantial gainful
                     activity since March 1, 2011, the alleged onset date (20 CFR
10                   404.1571 *et seq.*).

11                   3.  [Step 2] The claimant has the following severe impairments:
                     osteoarthritis, status post right knee arthroscopy, right rotator cuff
12                   tear, status post L4-S1 fusion in 1997, asthma, headaches, history of
                     tinnitus, depression, and posttraumatic stress disorder (PTSD) (20
13                   CFR 404.1520(c)).

14                   4.  [Step 3] The claimant does not have an impairment or
                     combination of impairments that meets or medically equals the
15                   severity of one of the listed impairments in 20 CFR Part 404,
                     Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and
16                   404.1526).

17                   5.  [Residual Functional Capacity ("RFC")]  After careful
                     consideration of the entire record, the [ALJ] finds that the claimant
18                   has the residual functional capacity to perform light work as
                     defined in 20 CFR 404.1567(b) except he can occasionally climb
19                   ramps and stairs, kneel, crouch, and crawl.  He cannot climb
                     ladders, ropes, or scaffolds.  He can frequently balance and stoop.
20                   He can occasionally reach overhead with the right upper extremity.
                     He must avoid concentrated exposure to noise, fumes, odors, dusts,
21                   gases, poor ventilation, and hazards such as machinery and heights.
                     He can perform simple and detailed tasks in a non-public setting.

22                   6.  [Step 4] The claimant is unable to perform any past relevant
                     work (20 CFR 404.1565).
23

24                   7.  [Step 5] The claimant was born on June 5, 1963 and was 47 years
                     old, which is defined as a younger individual age 18-49, on the
25                   alleged disability onset date.  The claimant subsequently changed
                     age category to closely approaching advanced age (20 CFR
26                   404.1563).

27                   8.  [Step 5, continued] The claimant has at least a high school
                     education and is able to communicate in English (20 CFR
28                   404.1564).

                                                  5

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (See SSR 82041 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2011, through the date of this decision (20 CFR 404.1520(g)).

AR 14-24.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 24.

## VI.   ANALYSIS

Plaintiff alleges that the ALJ erred by (1) "failing to consider [his] Leiden Factor V Mutation and Obesity to be severe medical determinable impairments" at Steps 2 and 5 of the Sequential Evaluation and thus failing to "include limitations from them in the residual functional capacity determination;" (2) failing to "give appropriate weight to [his] treating physicians" and giving "misappropriate weight to the opinions of non-examining physicians;" and (3) "rejecting the psychiatric opinions of Dr. Fealk and Dr. Mishra."  ECF No. 21-1 at 14.  Plaintiff requests that the matter be reversed and remanded to the Commissioner for an immediate award of benefits.  Id. at 15, 17.  Because the undersigned agrees that reversal and remand for an immediate award of benefits is appropriate based on the issue of weight given to Mr. Perry's examining physicians, only that argument is addressed here.

A.  Opinions of Treating Physician Dr. Margaret Planta and Dr. James Mamone

The ALJ failed to provide specific and legitimate, let alone clear and convincing, reasons for discounting portions of the opinions of treating physicians Dr. Planta and Dr. Mamone.  The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining

1  physicians).  As a general rule, more weight should be given to the opinion of a treating source

2  than to the opinion of doctors who do not treat the claimant."  Lester v. Chater, 81 F.3d 821, 830

3  (9th Cir. 1995), as amended (Apr. 9, 1996).  In general, "conflicts in the evidence are to be

4  resolved by the Secretary [their] determination must be upheld when the evidence is susceptible

5  to one or more rational interpretations."  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

6  However, "where the treating doctor's opinion is not contradicted by another doctor, it may be

7  rejected only for 'clear and convincing' reasons."  Lester, 81 F.3d at 830 (citing Baxter v.

8  Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  The Ninth Circuit has "also held that 'clear and

9  convincing' reasons are required to reject the treating doctor's ultimate conclusions."  Id. (citing

10  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988).

11           a.   The Opinion of Dr. Mamone

12        In relevant part, Dr. Mamone, M.D. opined that plaintiff is precluded from heavy lifting

13  and overhead work.  AR 20, 731.  He noted that plaintiff had pain deep in his shoulder possibly

14  related to arthritis, and that he told plaintiff he was not likely to respond well to a subacromial

15  injection for relief.  AR 731.  Dr. Mamone noted that MRI results showed a near full-thickness

16  rotator cuff tear and that Mr. Perry had degenerative changes of the posterior labrum as well as

17  some arthritis in the acromioclavicular joint.  AR 735.

18        The ALJ gave Dr. Mamone's opinion partial weight because it is "generally consistent

19  with the discussed treatment record" but discounted the limitation on overhead work because

20  there is "no diagnosed impairment involving the left upper extremity and treatment notes

21  demonstrate good range of motion in the right upper extremity with normal strength."  AR 20.

22  This is not a legitimate reason for discounting Dr. Mamone's opinion.  As a preliminary matter,

23  plaintiff is right-handed, and the ALJ does not explain how only having use of his non-dominant

24  left shoulder would render plaintiff able to do overhead work in any kind of meaningful way.  AR

25  32.  As to the limitations on plaintiff's right shoulder, the Commissioner's citations to the record[4]

26

27  [4]  The ALJ does not make any citations to the record; the citations discussed above come from the
Commissioner's motion.  ECF No. 26 at 10.

28

1  allegedly demonstrating good range of motion and normal strength either (1) indicate good range

2  of motion and/or normal strength but also reference pain and degenerative or impingement issues

3  with the shoulder (AR 566, 619, 731, 792), or (2) are from examinations not specifically

4  examining plaintiff's shoulder and do not render any kind of detailed finding with respect to the

5  shoulder (AR 495, 653, 789, 808, 811).  For these reasons, the ALJ improperly discounted Dr.

6  Mamone's opinion and reversal on this point is warranted.

7                    b.  The Opinion of Dr. Planta

8         Dr. Planta opined that plaintiff had difficulty kneeling, squatting, climbing ladders, and

9  working overhead; was limited to sedentary work with position changes every 30 to 45 minutes;

10  could never bend, climb, stoop, crouch, kneel, crawl, reach, flex, turn, or extend his neck; could

11  occasionally push and pull; could frequently handle and feel; required 20 minute rest periods

12  every 30 minutes; would be off task 50 percent of the work day; and would miss 4 or more days

13  of work per month.  AR 20, 724-25, 727.  Dr. Planta recorded a positive seated straight leg test,

14  and noted that plaintiff's limitations were "severe enough to interfere with attention or

15  concentration needed to perform even simple repetitive tasks."  AR 724, 25.

16         The ALJ gave great weight to portions of Dr. Planta's opinion, but gave little weight to

17  the portion referenced above.  AR 20.  The ALJ asserts that this portion of Dr. Planta's opinion is

18  "inconsistent with the discussed clinical findings showing full range of motion, no joint

19  deformities or swelling, normal strength, sensation, reflexes and gait."  Id.  The ALJ states that

20  although Dr. Planta stated plaintiff could not sit for more than 45 minutes, "the treatment record

21  reveals few, if any, complaints or observations of difficulty sitting" and the opinion is

22  inconsistent with plaintiff's previously discussed functioning."  Id.  The record does not support

23  the ALJ's assertion that Dr. Planta's findings are "inconsistent" with clinical records. The

24  citations in the Commissioner's summary judgment motion are either from examinations related

25  to Mr. Perry's mental health, with no in-depth examination of his physical status (AR 495), or

26  when read in full do actually document pain and/or weakness consistent with Dr. Planta's

27  findings, though they may be concurrent with a finding such as full range of motion (AR 566,

28  619, 652-53, 731, 789-90, 792, 808-811).  The ALJ does not provide specific, legitimate reasons

                                                    8

for rejecting portions of Dr. Planta's assessment, and her conclusion on this point therefore shall be reversed.

B.  Remand for Benefits or for Further Proceedings

As discussed above, the ALJ erred in discounting portions of two treating physicians' opinions.  That error was not harmless, because the treating physicians' reports, particularly the report of Dr. Planta, directly conflict with the ALJ's RFC finding and her finding of non-disability based on the hypotheticals provided to the VE.  Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'"  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

1.  Outstanding Issues

Under the second step in the remand analysis,[5] the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'"  Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101).  This step is satisfied here.

First, unlike the situation in Dominguez, there is no internal conflict or ambiguity in the

_____

[5] As discussed above, the first step is satisfied because the ALJ failed to provide legally sufficient reasons for giving little weight to portions of Dr. Mamone's and Dr. Planta's opinions.

1   treating physician's opinion or the limitations contained in it.  To the contrary, Dr. Mamone's and

2   Dr. Planta's treatment notes fully support the functional limitations they found.  As discussed

3   above, even in instances where full range of motion was noted or certain examinations showed

4   normal results, findings of pain and/or limited function were consistent.  See, e.g., AR 566, 619,

5   652-53, 731, 789-90, 792, 808-811.

6        The only possible conflict arises with the opinions of agency non-examining physicians,

7   Jensine Wright, MD and M. Tambellini, M.D.  See AR 20.  The ALJ did not specify the weight

8   given to their opinions, but relied on them in her order.  AR 20.  It is true that those opinions

9   found that plaintiff could do light work, including lifting, "limited" right overhead reaching,

10  walking, sitting, pushing, and pulling (AR 54-61, 74-77).  However, those opinions give only

11  partial credit to plaintiff's statements regarding his symptoms with no explanation for why they

12  are partially discounted, though presumably they found the allegations unsupported by medical

13  evidence.  AR 54, 74.  This does not constitute substantial evidence, sufficient to contradict the

14  treating doctors' opinions, because plaintiff is not required to produce objective medical evidence

15  of the pain or fatigue itself, or the severity thereof.  Garrison v. Colvin, 759 F.3d 995, 1014 (9th

16  Cir. 2014).  The Commissioner herself recognizes that "symptoms sometimes suggest a greater

17  severity of impairment than can be shown by objective medical evidence alone."  See "Titles II &

18  XVI: Considering Allegations of Pain & Other Symptoms in Residual Functional Capacity &

19  Individualized Functional Assessments & Explaining Conclusions Reached," SSR 95-5p (S.S.A.

20  Oct. 31, 1995).

21       Accordingly, while the agency doctor opinions may well be valid as far as they go, those

22  opinions do not provide adequate explanation as to why plaintiff's reports of pain were

23  discounted, and they are not sufficient to override the opinions of treating physicians.  See SSR

24  95-5p.  The court knows of no other matters in the record regarding plaintiff's pain testimony that

25  need resolution, and the Commissioner has not identified any.  The ALJ does not expressly rely

26  on the opinions of these non-treating physicians to discount the opinions of the treating

27  physicians, and to the extent the opinions conflict, the opinions of the treating physicians control

28  ////

1     as they are better supported by the objective medical evidence and plaintiff's allegations related

2     to his pain.

3                    2.  Crediting Dr. Mamone and Dr. Planta's Opinions as True

4         Under the third step, this court "must next consider whether the ALJ would be required to

5     find the claimant disabled on remand if the improperly discredited evidence were credited as

6     true." Dominguez, 808 F.3d at 407 (internal quotation marks omitted).  If Dr. Mamone and Dr.

7     Planta's opinion were credited as true, plaintiff would necessarily be found disabled under the

8     applicable regulations.

9         Specifically, Dr. Mamone opined that plaintiff is precluded from heavy lifting and

10    overhead work due to his shoulder limitations.  AR 730.  Dr. Planta found that plaintiff could not

11    stand for more than 2-3 hours per day, and without interruption for 30-45 minutes.  AR 724.  She

12    found plaintiff's condition was likely to produce good days and bad days, and that he would

13    likely be absent more than 4 days per month.  AR 725.

14        When plaintiff's limitations, particularly as described by Dr. Planta, were put to the VE at

15    the hearing, he testified that there were "no jobs" plaintiff could do.  AR 44.  Not surprisingly,

16    apart from everything else, there is no job available in which plaintiff could miss 4 days of work

17    every month.  Id.  Because the VE found that no jobs were available to plaintiff, under the

18    hypothetical taking Dr. Mamone and Dr. Planta's full opinions account, plaintiff is disabled under

19    the Act.

20                  3.  Discretion

21        Where the above steps are satisfied, this court must exercise its discretion in determining

22    whether to remand for further proceedings, or for the immediate calculation and award of

23    benefits.  Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if

24    discredited evidence were credited as true, "the district court may exercise its discretion to

25    remand the case for an award of benefits").  If, despite satisfying the above steps, the "record as a

26    whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of

27    the Social Security Act," the court should remand for further proceedings.  Burrell v. Colvin, 775

28    F.3d 1133, 1141 (9th Cir. 2014) (quoting Garrison, 759 F.3d at 1021).  However, the court would

be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the Act. The VE was provided a hypothetical by the ALJ that included the limitation of missing work three or more times per month. AR 44. Based on this hypothetical, the VE concluded that such absences, in any of the fields in which an individual with plaintiff's capabilities might otherwise be able to work, would be precluded from full time work. Id. The "missed work" hypothetical proposed by the ALJ includes fewer missed days per month than Dr. Planta found plaintiff would be forced to miss due to his disabilities. Because the lesser included absences and limitations would result in a finding of disability, the court finds that plaintiff is disabled within the meaning of the Act and no further fact finding is necessary.

VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 21), is GRANTED;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 26), is DENIED;

3.  This matter is REVERSED and REMANDED to the Commissioner for an immediate award of benefits; and

4.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: July 24, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE